J. T. DARLING v. CITY OF TEMPLE ET AL.

Decided January 31, 1900.

1. Pleading—Assuming Another's Liability.

See substance of a petition held sufficiently specific in its allegations of defendant's assumption of the liability to plaintiff on the part of the latter's tenant for rent of leased premises.

2. Application of Payments—Evidence—Receipts.

A finding that a subtenant's payments of rents to the landlord were in part for rent due from the original tenant for his occupancy prior to the subletting, was supported by the testimony, where the receipts issued to him therefor showed payment for the time preceding his occupancy.

3. Application of Payments—Statute of Frauds—Debt of Another.

Testimony going to show the subtenant's knowledge of and assent to such application of his payments was not subject to objection as showing a parol promise to pay the debt of another.

4. Tenant—Assignee—Assuming Payment of Rent—Application of Payments.

One taking the place and assuming to pay the rent of a tenant, though making himself liable by such agreement only for the remainder of the term, may yet, if

he consents to application of payments made by him upon rents due by the first tenant before his substitution, be held liable in addition for the rent for the full term for which he assumed liability.

**5. Same.**

Such substituted tenant, holding under the lease to the first and permitting his payments to be applied to rents due by the first, but which he had not contracted to pay, remained liable, under his contract, for all he had assumed to pay by his contract.

APPEAL from the County Court of Bell. Tried below before Hon. D. R. PENDLETON.

*Butler & Riley,* for appellant.

*R. L. Curtis,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought in the County Court of Bell County, the 12th day of September, 1898, by the city of Temple, against F. A. Venney, W. D. Cox, W. A. Wilkerson, and T. J. Darling, to recover a balance of $300 and $30 attorney's fees, alleged to be due upon a certain lease contract and bond. The contract was a lease by the city to F. A. Venney of the market and opera-house for two years and eleven months from the 14th of May, 1895, to the 15th day of April, 1898, $45 being paid in cash, $204 to be paid September 15, 1895, and $50 per month on the 15th day of each month thereafter, until March 15, 1898. Cox was sued as a dormant partner with Venney.

It is alleged that, in addition to the contract of lease and at its date, Venney executed his bond, with W. D. Cox and W. A. Wilkerson as sureties, in the sum of $1704, payable to the city, to secure the payment of the rents stipulated in the contract of lease; that Venney and Cox took possession, and they and those holding under them occupied the house for the full term of the lease; that in the year 1897, in April, Venney, Cox, and T. J. Darling entered into a contract by which Darling was to and did assume all liabilities of Venney under the contract with the city, taking Cox as a partner in the business of conducting the opera-house, and Darling was to have Venney's profits, assuming to pay all rents to the city under the contract; and it is alleged that he did become liable to perform the contract; that rent had been paid up to October 13, 1897, and that the rent from that time to April 14, 1898, six months, $300, was still due, for which suit is brought, and 10 per cent attorney's fees, stipulated in the contract.

By amended original answer, filed May 16, 1899, Cox and Wilkerson answered by demurrer, denial, and special plea, that on the 12th day of April, 1897, Venney, with the knowledge and consent of the city, assigned the lease and all his interests therein to Darling. who thereafter became the tenant of the city and assumed and became liable for all the obligations of the lease, and the city accepted him as such tenant, and released Venney from further liability, all without the consent of them, Cox and Wilkerson, and that the change in the contract released them as sureties.

Darling, May 16, 1899, filed demurrer, general denial, and special answer denying that he assumed or promised to pay the rents due prior to April 13, 1897, one year's rent at $50 per month, $600.

The case was tried without a jury, and resulted in a judgment for plaintiff against Venney and Darling as principals, and Cox and Wilkerson as sureties, for $330, from which Darling has appealed and assigns errors.

The court below found and filed conclusions of fact and law as follows:

"Findings of Fact.—1.   That on the 28th day of August, A. D. 1895, the city of Temple made and entered into a contract of writing with F. A. Venney for the lease of the opera-house belonging to the city of Temple to said F. A. Venney for the period of two years and eleven months; that F. A. Venney was, according to the terms of said lease, to pay the rental of $1750, or $50 per month; that the term of lease began on the 14th day of May, 1895, and was to terminate on the 13th day of April, 1898.   That $46 of said rent was paid cash; that the sum of $204 was to be paid on the 15th day of September, 1895, and the further sum of $50 per month was to be paid on the 15th day of each and every month thereafter, until and upon the 15th day of March, 1898.

"2.   That at the time of making the contract aforesaid with the said city of Temple, F. A. Venney did, upon the same date, make and enter into a bond in writing in the sum of $1704, payable to the city of Temple, which said bond was signed, executed, and delivered by said F. A. Venney as principal and W. D. Cox and W. A. Wilkerson as sureties, which said bond was conditioned for the payment of all rents to become due under the terms of said contract.   That said F. A. Venney exercised the active management of said opera-house until about the 13th day of April, 1897, and, without having been released from his contract by the city of Temple, he transferred and assigned his said lease of said opera-house and all his rights thereunder, to the defendant T. J. Darling, and the said Darling, as a part of said transaction, assumed all of said Venney's obligations and liabilities to plaintiff under said lease contract, and promised said Venney to become liable to pay plaintiff all rents to become due plaintiff under said lease, and said Darling then took and held possession of said opera-house under said lease, and used and managed and controlled the same until the expiration of the term of said lease.

"3.   That said Darling, on and between the dates of May 13, 1897, and January 2, 1899, paid the plaintiff the sum of $650 as rents due under said lease from September 13, 1896, to and including October 13, 1897, which sum of $650 was payment in full of the rents due under said lease from September 13, 1896, to and including October 13, 1897.

"4.   That the rents due for said opera-house under said lease from October 13, 1897, to May 13, 1898, amount to $300, and have never been paid, but are still due and owing to plaintiff by said Darling, and that said Venney is also liable therefor to plaintiff, but as surety for said Darling.

"5.   That the said defendants Wilkerson and Cox had no knowledge

of the assignment of said lease by Venney to said Darling, or the assumption by said Darling of said rents, and never consented thereto.

"6.   That the lease contract sued on provides for 10 per cent upon the amount due as attorney's fees, if sued on, and there is now due plaintiff thereunder the sum of $30 as said stipulated attorney's fees.

"Conclusions of Law.—i.   That the defendant F. A. Venney, while originally the principal obligor in said lease contract and primarily liable under said contract to plaintiff, under the assignment of the said lease by him to defendant Darling, and the assumption of said rents by said Darling, and under the conduct of the parties, plaintiff and defendants Darling and Venney, touching same, said Darling became the party primarily and as principal liable to plaintiff for said unpaid rents of $300 and the $30 attorney's fees, and said Venney is liable therefor as surety.

"2.   However, said Venney not having pleaded said suretyship, the court is without authority to enter the judgment in such cases provided for by the statute.

"3.   But said defendants Wilkerson and Cox, having pleaded same and properly presented all said matters as defenses to plaintiff's suit, they are entitled to the benefit of all said matters, acts, transactions, and proof, as bearing on their defenses and pleas as determining their rights and liabilities herein.

"4.   But I conclude that said matters do not operate in law as a release or discharge of the defendants Wilkerson and Cox from their liability to plaintiff as sureties under said bond, or constitute such a change in the contract or relation between plaintiff and said Venney as to release said Wilkerson and Cox from liability as sureties on said bond."

The findings of fact are supported by testimony, and we adopt the same as the findings of this court.

*Opinion.*—1.   The assignments of error to the effect that the court erred in overruling exceptions to the legal sufficiency of the petition to show liability on the part of Darling are not well taken.

2.   There was testimony supporting the finding of fact by the court that Darling paid plaintiff moneys due as rents by the contract from September 13, 1896, to and including October 13, 1897, and the assignment to the contrary is overruled.   The receipts issued by him are for rent paid as follows:   May 1, 1897, $100 for rent on opera-house from September 13, 1896, to November 11, 1896; July 11, 1897, $200 for rent on opera-house from November 11, 1896, to March 13, 1897; November 5, 1897, $150 for rent on opera-house from March 7, 1897, to June 6, 1897; June 2, 1898, $200 for rent on opera-house from June 13, 1897, to October 13, 1897.   These receipts were given to him at the time he made the payments, and he promised C. K. White, the city secretary, that he would pay the balance on the rent as soon as he could, and that he hoped the city would not crowd him.   This was about the time he made the last payment.   There was no error in the finding that he paid rent due

for time prior to his occupancy of the premises.  Such application of his payments would leave the rent due for such time of his own occupancy as the court found he was in arrears for rent.

3.   Upon the trial the court permitted C. K. White to testify, over Darling's objection, that about the time he, Darling, made the last payment of rent, he promised to pay the balance soon, and that he hoped plaintiff would grant him a little time, he objecting to the proof upon the ground that the promise was verbal and contrary to the statute of frauds.

The testimony was admissible to prove that he knew the payments made were applied with his knowledge and consent to the rent due by Venney for time previous to his, Darling's, occupancy.  The suit is not for rent due by Venney,—that had been paid,—but for rent due by Darling for his occupancy; and the question was as to the application of payments, and if for rent due by Venney, were they so made with the knowledge and consent of Darling?  The testimony was admissible.

4.   The finding of the court that "the rent due for the opera-house under the lease from October 13, 1897, to May 13, 1898, amounts to $300, and has not been paid but is still due by Darling," is assigned as error, upon the ground that he had paid the rent due by him for the time he occupied the premises.

The court applied payments paid by Darling to unpaid rent due by the former occupant, paid with the knowledge and consent of Darling, thus leaving rent due by him for the amount sued for, and for which judgment was rendered against him.  The proof showed the court was authorized to do this, and hence he would be bound to pay the rent due by him.   There is no error as assigned.

5.   The proof justified the court in applying payments made by Darling to rent due by his predecessor, and such being the case, Darling would be liable as found by the court for the term of his own occupancy.   Darling was holding under the contract made by the city with Venney, and paid balance of rent due by him, Venney, on the contract, and was liable for the unpaid balance due on the contract.

The pleadings and the proof authorized the conclusions and judgment reached by the court, and we find no error as assigned.   The judgment is affirmed.

*Affirmed.*